UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON J. THOMPSON,
  Plaintiff,

vs.	No. 10-1082

PATRICK QUINN, et. al,
  Defendants

MERIT REVIEW ORDER #2

    This cause is before the court for case management.   The plaintiff, a state prisoner, says his constitutional rights were violated in the Illinois Department of Corrections.  On April 27, 2010, the court dismissed the plaintiff's original complaint for violations of Federal Rules of Procedure 8, 18 and 20.   The court allowed the plaintiff additional time to file an amended complaint.

    There were several problems with the plaintiff's original complaint.   Since the plaintiff is proceeding pro se, the court outlined the issues that needed to be addressed.  For instance, the court explained proper venue and warned the plaintiff not to file claims against Defendants at the Lawrence Correctional Center with defendants from Pontiac Correctional Center.  Merit Review Order, p. 1. The plaintiff was also advised not to bring unrelated claims against unrelated defendants in the same lawsuit. *Id,* p. 2   The court warned the plaintiff that only defendants who caused or participated in the plaintiff's alleged constitutional violations could be held liable. *Id.,* p. 2.   The plaintiff was also advised that he could not sue individuals simply because they were supervisors. *Id.,* p. 2. The plaintiff was advised not to repeat claims he had already alleged in his other lawsuits. *Id,* p. 2-3.  Finally, the court told the plaintiff that he needed to provide proper notice of his claims pursuant to Rule 8 of the Federal Rules of Civil Procedure. *Id.,* p. 2. The plaintiff was advised that he must identify which defendants he was suing at Pontiac Correctional Center.  "The plaintiff must briefly state what he is accusing each defendant of doing and approximately when it occurred." *Id.,* p. 3.

    The plaintiff has ignored most of the court's specific direction and admonitions.  For instance, the plaintiff still persists in suing individuals from the Lawrence Correctional Center and the Pontiac Correctional Center in the same complaint.  In his first complaint, the plaintiff made the distinction clear such as Bryan Perdue, "Correctional Officer at Lawrence Correctional Center." (Comp, p 2).  In his amended complaint, the plaintiff simply lists Bryan Perdue as "correctional officer." (Amended Comp, p 7).   The plaintiff has provided no basis for including the acts that occurred in one correctional center with the acts that occurred in a separate facility in the same complaint.

    The amended complaint does not have a statement of claims.  Instead, the plaintiff simply lists each defendant and then again makes general claims such as "[k]new about allegations and

refused to stop it." (Amended Comp, p. 6).  The plaintiff then lists a date or series of dates and times without any reference to what occurred on those days.   In addition, the plaintiff continues to name individuals, such as the Governor of Illinois, without explaining how such an individuals would have any reason to be involved in the plaintiff's claims.  The plaintiff simply says the Governor knew about all the "corruption, abuse, malpractice but refused to stop it." (Amended Comp., p. 5) The plaintiff then lists the dates "8-24-2009" and "01-25-2010."   What happened on these dates that makes the plaintiff believe the Governor had any idea about his claims?   In addition, unspecified abuse and "malpractice" do not state a violation of the plaintiff's constitutional rights.  *Snipes v. Detella*, 95 F.3d 586, 590 (1996)("the Eighth Amendment is not a vehicle for bringing claims of medical malpractice.").

It is particularly important that the plaintiff clarify his claims since he has chosen to file so many lawsuits (*Thompson v Quinn,* Case No. 10-1065; *Thompson v Quinn,* Case No. 10-1082; *Thompson v Davidson,* Case No. 10-1126; *Thompson v Hardy,* Case No. 10-1129; *Thompson v Davis,* Case No. 10-1130; *Thompson v Hopkins,* Case No. 10-1136) and the plaintiff has had previous lawsuits dismissed for repeating claims. *See Thompson v. Quinn,* Case No. 10-1051; *Thompson v. Quinn,* Case No. 10-1101.

The court will give the plaintiff one last opportunity to file a complaint following the court's direction in its April 27, 2010 Merit Review.  The plaintiff should not squeeze information in the list of defendants. Instead, the plaintiff should clearly identify his claims in the body of his complaint as he has in other lawsuits.  The plaintiff should not combine defendants from different correctional centers in the same lawsuit.   If the plaintiff refuses to follow the court's direction, the case will be dismissed.  The plaintiff may also earn strikes pursuant to 28 U.S.C. § 1915(g) if he continues to combine unrelated claims against unrelated defendants in the same lawsuit.  In addition, the plaintiff **MUST INCLUDE THIS CASE NUMBER** on his amended complaint.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's amended complaint is dismissed for violations of Federal Rules of Civil Procedure 8, 18 and 20 and for failure to follow a court order.**

**2) The court will allow the plaintiff one final opportunity to file an amended complaint.  The clerk of the court is to provide the plaintiff with a blank complaint form.  The plaintiff is to follow the courts specific directions and identify the specific individuals he is suing and state what these individuals did to violate his constitutional rights.  The plaintiff MUST put his case number on the amended complaint.  If the plaintiff does not follow the court's direction, this case will be dismissed.  The plaintiff has been given ample opportunity to comply with the court's order.**

**3) The plaintiff must file his second amended complaint on or before June 23, 2010.  If the plaintiff does not file his second amended complaint with the correct**

**case number by this date, his case will be dismissed.**

**4) A merit review hearing is scheduled for review of the second amended complaint on June 30 at 10:00 a.m. by telephone conference call.**

Entered this 24th day of May, 2010.

\s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE