UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON THOMPSON,
    Plaintiff,

vs.                                              No. 10-1082

PATRICK QUINN, et. al,
    Defendants

MERIT REVIEW ORDER #3

This cause is before the court for merit review of the plaintiff's second amended complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff filed his original complaint  pursuant to 42 U.S.C.§1983 on April 1, 2010.  The plaintiff named thirty defendants including the Governor of Illinois, Illinois Department of Corrections Officials and employees from Pontiac Correctional Center and Lawrence Correctional Center.

The court noted that there were several problems with the plaintiffs complaint including the fact that he could not combine claims against defendants from two different correctional centers in one complaint. *See* April 27, 2010 Merit Review Order.  The plaintiff was advised that he should file claims against the Lawrence Correctional Center defendants in the Southern District of Illinois.   The court advised the plaintiff that he could not bring unrelated claims against unrelated defendants in the same lawsuit. *George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The court also specifically advised the plaintiff that he had not provided the defendants with proper notice of his claims.  "The plaintiff's complaint fails to state any specific events, times or places.  In addition, the plaintiff does not state how each defendant is responsible for his claims." April 27, 2010 Merit Review Order, p. 2.

Finally, the plaintiff was admonished that he should not repeat claims he had already alleged in previous lawsuits. *Id.*   The court reminded the plaintiff that he had one pending case alleging that many of the same named defendants were deliberately indifferent to his serious medical conditions. *Id.*

The court dismissed the plaintiff's original complaint as a violation of Federal Rules of Civil Procedure 8, 18 and 20. April 27, 2010 Merit Review Order, p. 3.   The plaintiff was given an opportunity to file an amended complaint which he filed on May 13, 2010.

1

On May 24, 2010, the court conducted a merit review of the plaintiff's first amended complaint and found that the plaintiff had "ignored most of the court's specific direction and admonitions." May 24, 2010 Merit Review Order, p.1.   The plaintiff still listed defendants from both correctional centers, although it appeared in some cases as though he was trying to disguise this fact. *Id.*  In addition, the plaintiff did not have a statement of his claims.  He simply listed each defendant and then next to each name stated a general allegation such as "[k]new about allegations and refused to stop it." (Amended Comp, p. 6).

The court again dismissed the plaintiff's complaint as a violation of Federal Rules of Procedure 8, 18 and 20 and gave the plaintiff one last opportunity to file an amended complaint following the court's specific directions. May 24, 2010 Merit Review Order, p. 2.   The court noted that it was particularly important for the plaintiff to clarify his claims since he had chosen to file so many lawsuits. *Id.*

The plaintiff's second amended complaint is now before the court and concerns events only at Pontiac Correctional Center.  It also narrows the number of defendants to 11 individuals: Illinois Governor Patrick Quinn, Assistant Warden Michael Lemke, Assistant Warden Marvin Reed, Dr. Brown, Correctional Officer Mike Melvin, Records Officer Wayne Germain,   Illinois Department of Corrections Director Michael Randle, Warden Guy Pierce, Correctional Officer Daniel Small, Correctional Officer Hastings and Correctional Officer Tinsley.

The plaintiff says from August 1, 2008 to May 25, 2010, he was in the Pontiac Correctional Center and was "sick w/ pain."   The plaintiff says he suffers from many medical problems including high blood pressure, gout and headaches.   The plaintiff says each of the named defendants refused him medical treatment.   He also claims they threatened him that if he kept on complaining, they would write false disciplinary reports.

The plaintiff then says the defendants participate in the "below allegations" and provides a list of 23 offenses such as " 2) administrative misconduct, 3) alcohol abuse, 4) drugs, weed, speed, abuse, 5) malpractice abuse, 6) bias, 7) prejudice, 8) partiality..."   This list clearly does not state a violation of the plaintiff's constitutional rights and again, he has failed to provide any specific dates, times, locations or defendants.   The court also notes the plaintiff has stated a similar if not identical list in *Thompson v Randle,* Case No. 10-1156;  *Thompson v Taller,* Case No. 10-1162; and *Thompson v Reed,* 10-1182.

The plaintiff has also failed to articulate how his claim concerning lack of medical care is any different than the previous case he filed in this court claiming that six of these same defendants were deliberately indifferent to his various medical conditions.[1]   *See Thompson v Quinn,* Case No. 10-1065.  In fact, this plaintiff has filed the same claim against the same basic defendants in at least three lawsuits in three different courts. *(See Thompson v Quinn,* Case No. 10-1051 and *Thompson v Quinn,* Case No. 10-1065 in the Central District of Illinois; *Thompson v Quinn,* Case No. 10-1141 in the Northern District of Illinois; and *Thompson v Quinn,* Case No. 10-217 in the Southern District of Illinois.)

The lawsuit the plaintiff filed in the Southern District of Illinois was transferred to the Central

---

[1]The plaintiff was previously advised how to amend his original complaint to add additional defendants. *See Thompson v Quinn,* Case No. 10-1065, May 19, 2010 Text Order.

District of Illinois and reopened as *Thompson v Quinn,* Case No. 10-1101.   The court then noted that the plaintiff's act of filing the same lawsuit in different courts was frivolous and a waste of the court's resources. *Thompson v Quinn,* Case No. 10-1101, April 27, 2010 Merit Review Order.   The plaintiff earned a "strike" pursuant to 28 U.S.C. §1915(g).

The court finds the plaintiff has once again filed the same claims with this court despite repeated warnings.   The plaintiff has earned another strike which is his third strike pursuant to 28 U.S.C. §1915.[2]   Consequently, the plaintiff may not proceed *in forma pauperis* in future litigation unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plaintiff is advised that in any future §1983 litigation concerning prison conditions, the plaintiff must pay the filing fee in full unless he believes he meets the one exception stated above.   In this case, he may file a motion to proceed *in forma pauperis,* but he **MUST** inform the court that he has accumulated three strikes and state why he believes he is in imminent danger.  Failure to inform the court of his three strikes status will result in immediate dismissal of his lawsuit.  The court agrees with the reasoning in *Sloan v. Lesza.* 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

In addition, if the plaintiff continues to file multiple lawsuits repeating the same allegations, he could face sanctions up to and including an order that all papers he tenders to the clerk of the court be returned unfiled until he pays all outstanding fees in all civil actions he has filed.  *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).  The cumulative effect of the plaintiff's lawsuits clogs the court process and burdens court staff to the detriment of litigants with meritorious claims.  In addition, the plaintiff continued pursuit of the same claims against the same defendants borders on harassment.

**IT IS THEREFORE ORDERED:**

1)      **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A and for repeating claims already before this court in *Thompson v Quinn,* Case No. 10-1065. This case is closed with the parties to bear their own costs.**

2)      **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.  The plaintiff has now accumulated three strikes pursuant to §1915(g).**

3)      **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account**

---

[2]The plaintiff has also earned a "strike" in *See Thompson v Quinn,* Case No. 10-1101, and *Thompson v Bui,* Case No. 10-3134 in the Northern District of Illinois.

if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)    The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)    The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 1st day of July, 2010.

/s/ Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE